IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| RICKY L. SPINKS<br><br>    Plaintiff,<br><br>vs.<br><br>MICHAEL J. ASTRUE<br><br>    Defendant, | ORDER ADOPTING REPORT AND RECOMMENDATION<br><br><br><br>Case No. 2:12-cv-45 |

In this case the Plaintiff Ricky L. Spinks asks the court to reverse and remand a Social Security Administration agency decision finding the Plaintiff disabled as of February 16, 2010, but rejecting his claim of disability from the claimed onset date of July 21, 2008. The court referred the case to Magistrate Judge Samuel Alba who issued a Report and Recommendation that the decision of the Administrative Law Judge (ALJ) be reversed and remanded (Dkt No. 18). The Commissioner of Social Security objected, asking the court to affirm the administrative decision and decline to adopt the Report and Recommendation (Dkt No. 19). The Plaintiff has responded, arguing that the court should adopt the recommendation of the Magistrate Judge.

The Commissioner argues in support of his objection that the "ALJ applied the proper standards and considered the medical opinions in light of the record as a whole" (Dkt No. 19, at 3). He further argues that the ALJ decision "sufficiently explains the weight given to opinions from two treating physicians (Drs. Green and McCune); one consultive examining physician (Dr.

Fyans); two agency physicians who reviewed the medical evidence (Drs. Taggart and Barton); and a physician's assistant (PA Lott)."  The Commissioner cites to the transcript at pages 26-32, generally, and specifically to page 32 (Dkt No. 19, at 3).

In the Report and Recommendation, the Magistrate Judge correctly states that the ALJ must complete the "sequential two-step inquiry" required by *Krauser v. Astrue,* 638 F.3d 1324, 1330 (10th Cir. 2011).  *Krauser* requires in step one that the ALJ make a clear finding as to whether he is giving a physician's opinion controlling weight.  If the ALJ concludes an opinion is not entitled to controlling weight, the ALJ must in step two state how much weight he is giving to the opinion.  The Magistrate Judge found that the ALJ in this case "failed the first step by failing to make a clear finding as to whether he was giving each physician's opinion controlling weight or not."  (Dkt No. 18, at 8).

The court has reviewed the record *de novo*.  The Commissioner's objection is not supported by the record.  The ALJ decision, as found by the Magistrate Judge, does not include any statement of the weight the ALJ gave to any of the opinions, and specifically does not include any statement of the opinions to which he is giving controlling weight.  The ALJ summarizes the content of the importance he gave to that content.  Moreover, the ALJ makes no statements from which the court can infer that he made the required determinations.  The Commissioner fails to provide the court with the specific statements in the record which he contends satisfy the steps required by *Krauser* and his citation to the record simply includes the entire Findings of Fact and Conclusions of Law made by the ALJ.  The Commissioner's support is not sufficient to show that the ALJ made the required analysis or that the recommendation of

the Magistrate Judge is not well taken.

     The court concludes that the Report and Recommendation correctly states and applies the law.  The court further finds, upon *de novo* review, that the Report and Recommendation is fully supported by the record.  The Report and Recommendation is adopted in it entirely.

     DATED this 23rd day of August, 2012

                                  BY THE COURT:

                                  Clark Waddoups
                                  United States District Judge